UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-2378-SIMONTON

UNITED STATES OF AMERICA

vs.

JESNEY ELIASSAINT,

**UNDER SEAL**

Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
ROBERT EMERY
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501892
99 N. E. 4th Street
Miami, Florida   33132-2111
TEL (305) 961-9421
FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jesney Eliassaint,<br><br>_Defendant(s)_ | ) ) ) ) ) ) ) Case No. 15-2378-SIMONTON |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 2013 thru June 9, 2014__ in the county of _____Miami-Dade_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1029(a)(2) | Unauthorized Access Device Fraud. |
| 18 U.S.C. Section 1028A | Aggravated Identity Theft. |

This criminal complaint is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Roberto Loaisiga, USSS
_Printed name and title_

Sworn to before me and signed in my presence.

Date: __03/23/2015__

_____
Judge's signature

City and state: __Miami, Florida__   Andrea M. Simonton, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Roberto Loaisiga, being duly sworn, do hereby depose and state the following:

### INTRODUCTION

1.  I am a Special Agent of the United States Secret Service (USSS). I have been a Special Agent with USSS since October 2013 and I am currently assigned to the Miami Field Office. As a Special Agent with USSS, my duties include the investigation of crimes against the United States, its citizens, and financial institutions including but not limited to access device fraud, identity theft, computer fraud, and the counterfeiting of Federal Reserve Notes.

2.  This Affidavit is submitted in support of the criminal complaint charging Jesney ELIASSAINT with access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.

3.  The information in this Affidavit is based upon my own knowledge, records furnished to or obtained by me in my official capacity, and information provided by law enforcement officials and other official sources. This Affidavit does not contain every fact that I have learned during the course of this investigation; however, no information known to me that would tend to negate probable cause has been withheld from this Affidavit.

### PROBABLE CAUSE

4.  On February 17, 2014, Miami Gardens Police Department (MGPD) Detectives stopped a vehicle with an expired vehicle registration. The vehicle was occupied by five individuals. Upon approaching the vehicle, MGPD Detectives smelled an intense odor of marijuana. A Detective observed the front seat passenger stuffing an item between his seat and the center console in an attempt to hide something. The Detectives removed the occupants from the vehicle and they found marijuana residue on front passenger's pants. Upon making this

1

discovery, the MGPD Detectives placed the front passenger under arrest for possession of marijuana.

5. During a search of the vehicle for additional contraband, a Detective found several iPads in the vehicle. He observed one iPad with a black case/cover resting on the dashboard in front of the driver seat. The other two iPads were in the back seat of the vehicle. A Detective asked the occupants who owned the iPads, to which he received no responses. As the Detective was removing the iPad from the dashboard, numerous papers fell from inside the cover. The Detective noticed that the papers contained personal identification information (PII), including people's complete names, dates of birth, and social security numbers. At no time during the traffic stop did any of the occupants ever claim ownership of the iPads; however, one of the occupants screamed at the front passenger multiple times for him to claim ownership of the one iPad that contained the PII in its cover.

6. Additionally, upon further search of the vehicle, the MGPD Detectives retrieved the item the front passenger attempted to conceal between the front passenger seat and the center console. The item was an envelope containing eight credit/debit cards in various names, none of which matched the names of the occupants in the vehicle.

7. On February 21, 2014, USSS examined the evidence seized by the MGPD. The PII appeared to be printed from a computer database and numerous individuals had the same dates of birth. On some of the sheets, the word "Patient" can be observed on the top edge of the print-outs. There were approximately one hundred thirty-seven (137) different names with corresponding PII printed on the sheets. The names on the print-out all had the same age, sixty-six (66) years old, with dates of birth between June 19, 1947 and June 25, 1947.

8. On February 24, 2014, USSS contacted one individual, "S.S.," whose name was listed on the sheet of PII retrieved from the vehicle. "S.S." informed USSS that she was unaware that someone in Miami Gardens, Florida, was in possession of her name, date of birth, and social security number. She did not know why anyone would be driving around with her information and she did not authorize anyone to use it.

9. USSS later determined that the PII found in the vehicle had originated from a data breach at Aventura Hospital, which is located at 20900 Biscayne Blvd., Aventura, Florida. Aventura Hospital concluded that the breach of its patient database had been executed from ELIASSAINT's computer while he was working in the medical billing department. At the time of the unauthorized data breach, ELIASSAINT was an employee of EmCare, an outsourced hospital management company, which was the contract provider of medical billing and other services at Aventura Hospital.

10. According to Aventura Hospital, ELIASSAINT searched patient records by date of birth only, which was highly unusual and not a normal course of inquiry for patient records. ELIASSAINT conducted approximately 4,000 inquiries for patients of Aventura Hospital exclusively by date of birth. The search would yield a list of patient information, including Social Security Number (SSN), for all patients with the matching date of birth.

11. On June 10, 2014, USSS interviewed ELIASSAINT at Aventura Hospital. After waiving his *Miranda* rights in writing, ELIASSAINT admitted to printing out PII from the patient records database at Aventura Hospital. He stated that he conducted date of birth searches through his authorized access as a contract employee of EmCare and would print out sheets containing the names, dates of birth, and SSNs of all patients with a specified date of birth. ELIASSAINT took screen shots of the inquiries and printed them out in an effort to prevent his

3

activities from being tracked. He manually trimmed the printouts to remove any reference to his workstation or Aventura Hospital. ELIASSAINT stated that from the end of 2013 to the end of May 2014, he obtained PII in this manner and sold the paper sheets to several individuals he knew from "the neighborhood" for approximately $100 per sheet of names. He estimated his total profit from this activity to be $2,000. He sold PII to four individuals known only as: "T," "JR," "Steve," and "Twin." ELIASSAINT would typically meet one of these subjects either in the parking lot of Wal-Mart or Chili's, both of which are located on 183rd Street in Miami Gardens, Florida. ELIASSAINT claimed not to have contact information for any of the subjects as he had ceased the criminal activity and he had erased all contact information from his mobile phone.

12. Aventura Hospital terminated ELIASSAINT as an employee after his confession and escorted him out of the building. Aventura Hospital then inventoried ELIASSAINT's workstation. Discovered, in plain view, were trimmings of 246 pages of database printouts consistent with ELIASSAINT's description of his criminal activities. Although ELIASSAINT stated the last time he had obtained PII was May 2014, the sheets were dated as recently as June 9, 2014.

13. At all times relevant to this Affidavit, Aventura Hospital was engaged in interstate commerce. The patient data accessed by ELIASSAINT was located on servers located outside the State of Florida.

[remainder of the page intentionally left blank.]

## CONCLUSION

14. Based on the foregoing facts, your Affiant submits that probable cause exists to believe that Jesney ELIASSAINT, committed unauthorized access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2) and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.

FURTHER AFFIANT SAYETH NAUGHT.

Roberto Loaisiga, Special Agent
United States Secret Service

Subscribed and sworn to before me this 24th day of March 2015.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE